IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KENDALL SMITH, | * |
| Plaintiff, | * |
| v. | *       Civil Action No. 8:21-cv-3225-PX |
| NEW REZ, LLC, *et al.*, | * |
| Defendants. | |

***

# MEMORANDUM OPINION

Pending in this foreclosure-related dispute are two motions for default judgment filed by Plaintiff Kendall Smith (ECF Nos. 8 & 21); a motion to dismiss filed by Defendant New Rez, LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint") (ECF No. 9); a motion for leave to late file its motion to dismiss by Defendant North Star Properties, LLC ("North Star") (ECF No. 16); North Star's motion to dismiss (ECF No. 17); Smith's motion for leave to file a sur-reply (ECF No. 39); and Smith's motion to expedite ruling (ECF No. 42). The motions are fully briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. For the following reasons, the Court DENIES Plaintiffs' motions and GRANTS Defendants' motions.

**I.       Background**[1]

Smith recently lost his home to foreclosure and eviction. ECF No. 4 at 7. On July 17, 2015, substitute trustee Cohn, Goldberg, Solomon, Rogers, Rolls (the "Trustee") initiated the foreclosure action in the Circuit Court for Prince George's County (the "state foreclosure action") against the property located at 6102 43rd Avenue in Hyattsville, Maryland (the "Property"). *See* ECF No. 9-4 at 1 (Case No. CAEF15-20135).

---

[1] The Court construes the averred facts in the light most favorable to Smith. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

In an effort to stop the foreclosure sale, Smith filed in the Circuit Court an emergency motion to stay foreclosure. ECF No. 9-4 at 3. The Circuit Court promptly denied the motion without a hearing because Smith failed to "state a valid defense or present meritorious argument." *Id.* Next, Smith filed two bankruptcy actions which collectively stayed the state foreclosure action until October 17, 2019. *See In re: Kendall Robert Smith*, No. 16-br-19481 (Bankr. D. Md. July 14, 2016); *In re: Kendall Robert Smith*, No. 19-br-10436 (Bankr. D. Md. Jan. 11, 2019). During this time, Defendant Shellpoint became the mortgagee of the Property until it was ultimately sold to North Star in a foreclosure sale on December 11, 2019. ECF No. 9-1 at 4, 10.

Smith next filed four additional motions in the Circuit Court, all aimed at thwarting ratification of the foreclosure sale. *See* ECF No. 9-4 at 6–8. The Circuit Court denied the motions. Smith appealed the denials to the Court of Special Appeals of Maryland, which dismissed the appeal. ECF No. 9-1 at 5. Ultimately, the Circuit Court ratified the foreclosure sale on June 10, 2021, ECF No. 9-4 at 11, and rejected Smith's motion opposing ratification on October 28, 2021, concluding that Smith failed to put forward any "meritorious factual or legal basis to deny the court's ratification of sale," *id.* at 12. The Circuit Court awarded possession of the Property to North Star on December 30, 2021, *id.*, and the County Sheriff removed Smith from the Property on March 30, 2022, ECF No. 17-1 at 2.

On December 20, 2021, Smith filed suit in this Court. ECF No. 1. Because the Complaint failed to comply with basic pleading requirements of Federal Rule of Civil Procedure 8, the Court ordered Smith to amend the Complaint. ECF No. 3. On January 31, 2022, Smith filed an Amended Complaint, alleging that Defendants violated the Fair Housing Act, 42 U.S.C. § 3605 ("FHA"); the Equal Credit Opportunities Act, 15 U.S.C. § 1691 ("ECOA"); and the Truth

2

in Lending Act, 15 U.S.C. § 1639b ("TILA"). ECF No. 4 at 4.[2] The Amended Complaint also broadly alleges that Shellpoint violated the FHA, ECOA, and TILA by engaging in discriminatory and predatory lending practices and "imposing unfair and abusive loan terms." *Id.* at 6–7. The precise claims against North Star are difficult to parse, but Smith seems to assert a common law tort claim arising from North Star's "unannounced" and "forced eviction" that "shocked and frightened" him. *Id.*

Because Smith proceeds pro se and in forma pauperis, the Court directed that Smith provide proper summonses for service of the Amended Complaint by the United States Marshal. ECF No. 5. The Court also informed Smith that the service address for the resident agent of each corporation is available through the State Department of Assessments and Taxation ("SDAT"). *Id.*

Smith filed proof of service for North Star on March 14, 2022, and for Shellpoint on June 10, 2022. ECF Nos. 7, 28. He also moved for default judgment against both Defendants on April 11, 2022, which Defendants opposed. ECF Nos. 8, 14, 16-1. On April 13, 2022, Shellpoint separately moved to dismiss the claims against it for lack of subject matter jurisdiction and for failure to state a claim. ECF No. 9. On May 2, 2022, North Star also moved for leave to file a late response to the Amended Complaint, ECF No. 16, and to dismiss the Amended Complaint for insufficient service of process, lack of subject matter jurisdiction, and failure to state a claim, ECF No. 17.

On May 13, 2022, Smith filed a second default judgment motion. ECF No. 21. He also opposed both Defendants' motions to dismiss, ECF Nos. 27 & 31, and later moved for leave to

---

[2] Smith also cites to "MD § 7-113" and "MD § 8-216," but does not clarify on which part of the Maryland code he relies.

3

file a sur-reply to Defendants' motions to dismiss, ECF No. 39.  Smith has also sought an "expedited" ruling on the default judgment motions.  ECF No. 42.

The Court first turns to Smith's default judgment motions.

## II. Motions for Default Judgment

### A. Standard of Review

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  The Court may enter default judgment at the plaintiff's request and with notice to the defaulting party.  Fed. R. Civ. P. 55(b)(2).  A decision to enter default judgment "is left to the discretion of the Court."  *S.E.C. v. Lawbaugh,* 359 F. Supp. 2d 418, 421 (D. Md. 2005).  While the Fourth Circuit maintains a "strong policy that cases be decided on the merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993), default judgment may be appropriate where a party is wholly unresponsive, bringing the litigation to a halt, *Lawbaugh,* 359 F. Supp. 2d at 421.

### B. Analysis

In his first motion for default judgment, Smith argues that Defendants failed to respond to "timely served summons filed upon them."  ECF No. 8 at 1.  Smith reiterated this argument in his second motion for default judgment and alleges that Defendants "are trying to skirt the issue of proper service."  ECF No. 21 at 2.  The Court denies these motions.  Both Defendants have quickly and completely participated in this litigation such that the Court can, as it should, reach the merits of the case.

Relatedly, it appears that Smith failed to effectuate proper service. The Court had informed Smith that he could obtain the proper address for service on the registered agents through SDAT. ECF No. 5. Smith instead charted his own path. As a result, service was not properly effectuated on the respective resident agents, and so any delay in Defendants' participation must be attributed to Smith. *See* ECF Nos. 14, 16-1, 16-3, 21-2.[3]

But even if Smith had perfected service timely, the brief delay in Defendants' participation in this litigation does not warrant default judgment. Shellpoint filed its motion to dismiss on April 13, 2022, a mere two days after Smith moved for default judgment; and North Star filed its dispositive motion by May 2, 2022. Through these pleadings, Defendants have demonstrated they are ready, willing, and able to participate in the litigation. Accordingly, Defendants' brief delay in responding to the Amended Complaint does not amount to a wholesale lack of participation necessary to justify the entry of default judgment. The motions are denied.

The Court next turns to Defendants' motions to dismiss the Complaint.

### III. Motions to Dismiss

#### A. Standard of Review

A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) "addresses whether [the plaintiff] has a right to be in the district court at all and whether the court has the power to hear and dispose of his claim." *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012). The plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If "a claim fails to allege facts upon which the court may

---

[3] For this same reason, the Court grants North Star's motion to late file its response to the Amended Complaint. ECF No. 16.

base jurisdiction," the court must dismiss the action. *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005).

In determining whether jurisdiction exists, "the court may look beyond the pleadings and the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)) (internal quotation marks omitted). Where the defendant contends that the complaint "simply fails to allege facts upon which subject matter jurisdiction can be based," the Court construes the complaint facts as true and most favorably to the plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Whether the Court retains subject matter jurisdiction must be decided before reaching the merits of the case. *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999).

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). The Court accepts "the well-pled allegations of the complaint as true," and construes all facts and reasonable inferences most favorably to the plaintiff. *Ibarra*, 120 F.3d at 474. To survive a motion to dismiss, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). The Court must be able to deduce "more than the mere possibility of misconduct"; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief. *Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015) (quoting *Iqbal*, 556 U.S. at 679), *aff'd in relevant part*, 659 F. App'x 744 (4th Cir. 2016).

Because Smith proceeds pro se, the Court must read his pleadings charitably and let all potentially viable claims proceed on the merits. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "even a *pro se* complaint must be dismissed if it does not allege a 'plausible claim for relief.'" *Forquer v. Schlee*, No. RDB-12-969, 2012 WL 6087491, at *3 (D. Md. Dec. 4, 2012) (quoting *Iqbal*, 556 U.S. at 679). A complaint must "permit the court to infer more than the mere possibility of misconduct based upon its judicial experience and common sense." *Coleman v. Md. Ct. App.*, 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679) (internal quotes and alterations omitted).

### B. Analysis

#### 1. Lack of Subject Matter Jurisdiction under *Rooker-Feldman*

Defendants first argue that the Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.[4] ECF Nos. 9-1 at 7–9, 17-1 at 7–11. Because the *Rooker-Feldman* doctrine implicates this Court's power to hear the case at all, the Court must reach this argument first. *Smalley v. Shapiro & Burson, LLP*, 526 F. App'x 231, 235 (4th Cir. 2013) (quoting *Friedman's, Inc. v. Dunlap,* 290 F.3d 191, 195–96 (4th Cir. 2002)). The *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The doctrine derives from the rule that the power to review state court decisions lies not with a federal district court, but rather "exclusively with superior state courts and, ultimately, the United States Supreme Court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997); *see* 28 U.S.C. § 1257. That said, the Court must construe the *Rooker-Feldman* doctrine

---

[4] So named after *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

narrowly; it does not bar federal courts from considering "the same or a related question [that] was earlier aired between the parties in state court," so long as the movant is not seeking "review of the state court judgment itself." *Thana v. Bd. of License Comm'rs for Charles Cnty., Md.*, 827 F.3d 314, 320 (4th Cir. 2016) (internal quotation marks omitted); *see also Elyazidi v. SunTrust Bank*, 780 F.3d 227, 233 (4th Cir. 2015). Accordingly, even if this Court's decision "may call into question the correctness of a state court judgment," that alone does not deprive the court of jurisdiction under *Rooker-Feldman*. *Vicks v. Ocwen Loan Servicing, LLC*, 676 F. App'x 167, 169 (4th Cir. 2017).

In the foreclosure context, the Fourth Circuit has concluded that *Rooker-Feldman* does not bar independent federal claims that "could call into question the validity" of the state court's foreclosure decision, provided that the claims do not seek to directly overturn the state court ruling. *Id.* (concluding that the *Rooker-Feldman* doctrine did not bar claims under the Real Estate Settlement Procedures Act). Thus, the Court retains jurisdiction where the plaintiff does not assert that the state court foreclosure proceedings "were the cause of the injury." *Neto v. Rushmore Loan Mgmt. Servs., Inc.*, No. DKC 16-1056, 2017 WL 896890, at *3 (D. Md. Mar. 7, 2017); *cf. Smalley*, 526 F. App'x at 237.

The claims here do not implicate *Rooker-Feldman*. As to Shellpoint, the Complaint avers that the corporation engaged in predatory and discriminatory lending tactics that violated an array of federal statutes. ECF No. 4 at 6–7. Although such claims may, in the end, call into question the propriety of foreclosure, the claims do not compel this Court to sit in review of the state foreclosure decision or allege that the state decision caused Smith injury. *Vicks*, 676 F. App'x at 169. Similarly, as to North Star, the Complaint avers that this Defendant conducted a "forced eviction" which caused alleged injury. ECF No. 4 at 7. Such claims, which are "rooted

in the potentially tortious way certain Defendants carried out" an eviction, are not barred by the *Rooker-Feldman* doctrine. *Rodman v. Jean-Charles*, No. DKC-18-3757, 2020 WL 1248946, at *4 (D. Md. Mar. 16, 2020).[5] Thus, the Court retains jurisdiction to hear the claims.

### 2. Res Judicata

Defendants next argue that all claims are barred under the doctrine of res judicata because the claims were or could have been raised in the state foreclosure action. ECF Nos. 9-1 at 9–13, 17-1 at 9–12. Res judicata prevents parties from "relitigating an identical issue with the same party or his privy" after having had a full and fair opportunity initially to press their claims. *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161–62 (4th Cir. 2008) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979)). Specifically, res judicata bars the later-filed action when: (1) the parties or their privies in both suits are identical; (2) the claims in the new suit were or could have been brought in the original suit; and (3) the claims in the original suit reached a final judgment on the merits. *See Laurel Sand & Gravel, Inc.*, 519 F.3d at 162 (citing *Anne Arundel Cnty. Bd. of Educ. v. Norville*, 390 Md. 93, 106–07 (2005)); *see also Clodfelter v. Republic of Sudan*, 720 F.3d 199, 210 (4th Cir. 2013).

Although res judicata is an affirmative defense, where the Complaint includes all facts necessary to sustain that defense, the Court may reach the question at the motion to dismiss stage. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). The Court may also take judicial notice of pertinent facts from the prior litigation. *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000) ("[W]hen entertaining a motion to dismiss on the ground of res judicata, a

---

[5] To the extent that Smith is asking the Court to overrule the state court's judgment granting possession of the Property to North Star, the claim would be barred by the *Rooker-Feldman* doctrine. *Rodman*, 2020 WL 1248946, at *4.

court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact.").

When comparing the claims in this case to those raised in the state foreclosure action, res judicata plainly applies. First, both matters involved the same parties or their privies. Smith was the defendant in the state foreclosure action; North Star intervened as an interested party to enforce the foreclosure sale; and Shellpoint, which became mortgagee of the property in 2018, was in privity with the Trustee that initiated the state foreclosure action. ECF Nos. 9-4 at 1, 9-1 at 4; *see Proctor v. Wells Fargo Bank, N.A.*, 289 F. Supp. 3d 676, 682–83 (D. Md. 2018) (concluding that a servicer, lender, and substitute trustee "share the same right to foreclose on the subject mortgage such that the privity component of claim preclusion is satisfied") (quoting *Jones v. HSBC Bank USA, N.A.*, 444 Fed. App'x 640, 644 (4th Cir. 2011)) (internal quotes and alterations omitted). The parties thus are "identical" for purposes of res judicata.

Second, the state and federal matters share the same nucleus of facts and involve claims that were or *could have been* brought in the original litigation. *Boyd v. Bowen*, 145 Md. App. 635, 656 (2002) (citing *Gertz v. Anne Arundel Cnty.*, 339 Md. 261, 269 (1995)). In the federal Complaint, Smith alleges that Shellpoint's conduct surrounding foreclosure violates the FHA, ECOA, and TILA. ECF No. 4. Smith could have easily raised those claims in the state litigation, just as he alleged in state court other federal statutory violations of the Fair Debt Collection Practices Act and the Fair Credit Reporting Act. *See* ECF No. 9-6. Likewise, as to North Star, the claimed "forced eviction" squarely involves the facts and circumstances surrounding the foreclosure sale, which Smith could have raised in the state court proceedings. *See* ECF No. 4 at 7; *Prudencio v. Capital One, N.A.*, No. PWG-16-2693, 2016 WL 6947016, at *3 (D. Md. Nov. 28, 2016) (dismissing, on res judicata grounds, common law tort claims against

a foreclosure sale purchaser); *McCreary v. Beneficial Mortg. Co. of Md.*, No. AW-11-1674, 2011 WL 4985437, at *3 (D. Md. Oct. 18, 2011).  When viewing the Amended Complaint most favorably to Smith, the federal claims involve "the same transaction or series of transactions" at issue in the state foreclosure action.  *Laurel Sand & Gravel, Inc.*, 519 F.3d at 162.

Third, the foreclosure action was litigated to a final judgment on the merits, specifically the ratification of sale.  *See Jones v. Ward*, No. GJH-20-3225, 2021 WL 2861518, at *6 (D. Md. July 8, 2021) ("The ratification of sale constitutes a final judgment for preclusion purposes.") (citing *McGhee v. JP Morgan Chase Bank*, No. DKC 12-3072, 2013 WL 4495797, at *6 (D. Md. Aug. 20, 2013)).  The state foreclosure action also reflects that Smith—who lodged seven challenges to the foreclosure—had a full and fair opportunity to be heard on the validity of the foreclosure, including potential misconduct or illegality.  Thus, the third and final element of res judicata is also satisfied.

In sum, when viewing the Amended Complaint most favorably to Smith, the claims are barred under the doctrine of res judicata and must be dismissed with prejudice.  *See U.S. Airline Pilots Ass'n v. AWAPPA, LLC*, 615 F.3d 312, 320 (4th Cir. 2010) (concluding that leave to amend should be denied when amendment would be futile).[6]   Further, because the Amended Complaint must be dismissed, the Court denies as moot Smith's motions for leave to file a sur-reply and to expedite its ruling.

---

[6] The Court declines to reach Defendants' alternative grounds for dismissal.

## IV. Conclusion

Based on the foregoing, the Court denies Smith's motions for default judgment, grants North Star's motion for leave, grants Defendants' motions to dismiss the Amended Complaint, and denies Plaintiffs' remaining motions as moot.  A separate Order follows.

11/30/2022
Date

/S/
Paula Xinis
United States District Judge